# CASES

ADJUDGED IN

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY,

### OCTOBER TERM, 1862.

---

In the matter of the assignment of dower of ANN GARRISON, widow of Richard Garrison, deceased.

On an application on behalf of an infant devisee to this court to set aside the report of commissioners assigning dower to the widow of testator, on the ground of inequality and illegality in the mode of making the assignment, it was *held*—

That the statute authorizing the assignment of dower by commissioners was not designed to affect the legal rights or interests of the parties in the subject matter, nor to deprive either party of any protection against an infringement of those rights. It was designed to leave the power of the court over the proceedings of the commissioners so broad and unlimited as to afford to all parties concerned as full protection to their rights as they were entitled to under the subsisting modes of procedure, either at law or in equity.

The court must have power under the statute to administer all the relief, legal or equitable, against an illegal or unjust assignment of dower to which the doweress or the tenant was previously entitled. Relief may be granted, at the instance of either, against any act of the commissioners prejudicial to the legal rights of any party concerned in the proceedings.

In this case testator devised to his son and to each of his three grandchildren distinct farms and portions of real estate subject to the widow's right of dower. The commissioners assigned an entire farm, which was devised to one of the minors as a portion of the widow's dower. Nearly

In matter of **Ann Garrison**.

one half of the land devised to this minor was assigned to the widow for her dower, and much less than one-third in value of the land of other devisees was so assigned, although the whole land assigned to the widow did not exceed one-third of the whole land of which testator died seized. *Held*, that the assignment was illegal. No more than one-third of the land of each tenant must be assigned to the widow for her dower. Each of the tenants is equally entitled to relief, whether the assignment is illegal and unequal, as between the widow's dower and the entire estate, or only as between the dower and the interest of the several tenants individually.

*Carpenter*, for heir.

*Browning*, for widow.

THE ORDINARY. Richard Garrison, of the county of Cumberland, died seized of a large real estate, consisting of several distinct farms and parcels of land situate in the counties of Salem and Cumberland. He left surviving him a widow, a son by his surviving wife, and three infant grandchildren, the children of a deceased daughter by a former marriage. By his will he gave to his son and to each of his three grandchildren distinct farms and portions of real estate subject to the widow's right of dower. On the application of the guardian of the three grandchildren, commissioners were appointed by this court to admeasure and set off the one-third part of the said real estate, as the widow's dower therein. Dower having been assigned, application is now made by the guardian, on behalf of the infants, to set aside the report of the commissioners, and the assignment made by them, as illegal and unjust.

It appears, by the evidence which has been taken in support of the application, that the commissioners assigned an entire farm, which was devised to one of the minors, as a portion of the widow's dower. It also appears that nearly one half of the entire value of the real estate devised to this minor, consisting of the said farm and of several other tracts and pieces of arable, marsh, timber, and bush land, was assigned to the widow as her dower, while much less than one-

third in value of the lands of the other devisees were assigned to the widow. It is not claimed that there has been assigned to the widow more than one equal third in value of the entire real estate of which her husband died seized, but that the assignment is illegal and unjust in its operations upon the rights of the several owners of the land.

Two questions were raised upon the argument, *viz.* 1. Has the court power to interfere with the admeasurement of dower by the commissioners for the reason assigned. 2. Is the assignment illegal or inequitable.

1. It is conceded that there are grounds upon which the court may deal with the acts of the commissioners. The power is expressly reserved by the statute. The report of the commissioners is to be recorded, if approved, and confirmed by the court which appointed them, and all persons concerned are concluded by the judgment or decree of *the court*, not by the report of *the commissioners*. The limits of the power of the court over the proceedings of the commissioners are not defined by the statute. The design of the legislature, in authorizing this mode of proceeding, was doubtless to furnish a simple, economical, and expeditious mode of assigning dower without resort to the more formal and dilatory methods previously in use. The statute was not designed to affect, nor does it purport to affect the legal rights or interests of the parties in the subject matter, nor to deprive either party of any protection against an infringement of those rights. It was doubtless designed to leave the power of the court over the proceedings of the commissioners so broad and unlimited as to afford to all parties concerned as full protection to their rights as they were entitled to under the subsisting modes of procedure, either at law or in equity. The court must have power, under the statute, to administer all the relief, legal or equitable, against an illegal or unjust assignment of dower to which the doweress or the tenant was previously entitled. Relief may be granted, at the instance of either, against any act of the commissioners prejudicial to the legal rights of any party concerned in the

proceedings. It is urged, that although the court may legally interfere with the proceedings where more or less than one-third of the entire real estate in which the widow is entitled to dower has been assigned to her ; yet where the admeasurement of dower, as between the widow and the heirs or devisees of the entire estate is just, and proportioned to their respective rights, the court have no power of control, however unjust or unequal the assignment may be in its operations upon the interests of the several tenants. This is unquestionably placing the construction of the statute upon too narrow ground. It would practically operate to effect a radical change in the legal rights of the doweress and the tenants.

At the common law, if the freehold of which dower is demandable be in the possession of divers persons by different titles, the wife, in a writ of dower brought against one of them, shall recover but a third part of the freehold which is in his possession, so that the tenant of parcel of the freehold of which the woman is dowable shall not be charged according to the possession of the whole freehold against his will. *Perkins*, § 423 ; 9 *Viner's Ab.* 258, *Dower X* 18.

According to common right, the widow ought to have only a third part of every manor for her dower, though it may be assigned otherwise by consent. *Perkins*, § 330 ; 9 *Viner's Ab.* 260, *Dower Y* 4 ; *Bacon's Ab., Dower D* 2 ; *Park on Dower* 255, 262 ; 2 *Sellon's Prac.* 211.

If the sheriff, instead of a third part, assign a moiety, the tenant has remedy against the sheriff by assize, or he may have a *scire facias* against the sheriff to assign *de novo*. 9 *Viner's Ab.* 258, *Dower X* 17.

And if the assignment is fraudulently made by the sheriff, equity will relieve. *Hoby* v. *Hoby*, 1 *Vernon* 218.

Had the widow sought to recover her dower by writ of dower *unde nihil habet*, she must have proceeded against each tenant separately, and could only have recovered the one equal third of each separate tract or parcel. *Perkins* 423 ; *Fosdick* v. *Gooding*, 1 *Greenl.* 30 ; 1 *Washb. on Real Estate* 230.

So under the statute, either any heir or the guardian of any minor child entitled to an estate in the land, or any purchaser may apply for the appointment of commissioners to assign dower in the land in which he is interested. And the guardian of any minor child or any purchaser conceiving himself aggrieved by the proceedings, judgment, or decree of an Orphans Court under the act may appeal. *Nix. Dig.* 229, § 17, 20.

It could not have been the design of the legislature, by permitting the title of the widow to dower in all the lands of which the husband died seized to be admeasured and assigned by one proceeding, to deprive the tenants of any protection to which they would have been entitled if proceeded against severally, as at common law. Nor can a guardian, by applying for admeasurement of dower under the statute in behalf of all the minor children, deprive any minor of the protection to which he would have been entitled if the application had been made on his behalf alone. And each of the tenants is equally entitled to relief, whether the assignment is illegal or unequal, as between the widow's dower and the entire estate, or only as between the dower and the interest of the several tenants individually. The principle is clearly stated and vindicated in the case of *The Creditors of Scott* v. *Scott*, 1 *Bay's R.* 504. See, also, *Wood* v. *Lee*, 5 *Monroe* 50.

It is evident that the assignment of dower, as against Charles Stretch, the tenant in fee of a part of the land in which the widow is dowable, is both illegal and inequitable. The lands devised to him by his grandfather, the husband of the doweress, consists of one entire farm and several other distinct tracts or parcels of land. The commissioners, instead of assigning to the widow the one equal third of each separate tract, or even the one equal third in value of all the tracts, have assigned to her the entire farm, and nearly one half in value of all the land devised to the minor. The assignment is in violation of common right, illegal, and unjust. In making it, the commissioners exceeded the powers con-

ferred upon them by their appointment. They were bound, in the performance of their duties, to have regard to the rights of the tenants of the freehold, and not to exercise their powers in violation of those rights.

This decision in no wise trenches upon the title of the widow to the enjoyment of all her rights as doweress. But those rights are not to be enjoyed or enforced at the expense of the rights of the tenants of the freehold. She is entitled to be endowed, as of common right, of the one equal third in value of each distinct farm or tract of land. The purchaser of each distinct tract or parcel takes subject to that right. And if the dower is otherwise assigned to the prejudice of the heir or purchaser, he is entitled to the protection of the court. Nor does this decision at all conflict with the opinion of the Supreme Court in *Laird* v. *Wilson, Penn.* 281. In that case the land of which the widow was dowable consisted, at the death of the husband, of one entire tract. Admitting the authority of that case in its fullest extent, in regard to which it is not intended to express any opinion, it does not sustain the legality of the proceedings in this cause.

The report and proceedings of the commissioners must be set aside.